IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

      v.

OCEAN V. ATWELL,

      Defendant.

Case No.10-4025-CL

**ORDER**

CLARKE, Magistrate Judge:

Defendant Ocean V. Atwell was issued a violation notice arising out of an incident which occurred of February 19, 2010, on spur road 079 that branches off of a forest service road NF-4611, also known as Grayback Road, which is located within the boundaries of Rogue River-Siskiyou National Forest. Having considered all of the testimony and evidence taken at the October 15, 2010, trial, the court finds defendant not guilty.

Violation notice number F3964538 charged defendant with being on a closed road in violation of 36 C.F.R. § 261.54(e), and assessed a fine of $200.00. 36 C.F.R. § 261.54(e) prohibits being on a road when provided for by an order. 36 C.F.R. §§ 261.50, 261.51 describe the content and posting requirements for such orders.

Order - 1

## BACKGROUND

The Rogue River-Siskiyou National Forest ("the forest") is managed and maintained by the United States Department of Forestry. The forest covers nearly 1.8 million acres of land ranging from southwestern Oregon into northwestern California. Forest service road NF-4611, also known as Grayback Road, ("NF-4611") is located within the forest. NF-4611 splits off of Oregon Route 46 ("OR 46") heading east and then north towards Williams, Oregon, where defendant resides. Spur road 079 splits off of NF-4611 and heads generally southwest, connecting to spur road 070 and spur road 960, terminating at the parking lot for the Oregon Caves National Monument.

## I. SEASONAL CLOSING OF SPUR ROAD 079

Officer Shawn Thomas of the U.S. Forest Service testified at trial that spur road 079 is seasonally closed by the U.S. Forest Service in an attempts to control the spread of Port Orford Root Rot. He testified that the U.S. Forest Service is aware of an ongoing practice by unknown members of the public who ignore the closure of spur road 079 and circumvent the locked gate by turning off of NF-4611 approximately 25 yards north of where spur road 079 splits off, driving up a hill through a meadow, and getting on spur road 079 at a point about 100 yards beyond the locked gate. Officer Thomas testified that this practice has caused significant damage to the meadow, creating a visible path which he described as the "illegal road."

Officer Thomas testified that on February 17, 2009, while on patrol within the forest, he checked the gate on spur road 079 and found that the lock had been cut off. Aware that spur road 079 was at that time closed subject to a U.S. Forest Service order, Officer Thomas placed a new lock on the gate and placed a surveillance camera in the surrounding trees facing the point where

Order - 2

the illegal road joins with spur road 079 in an attempt to gather photographic evidence to identify offenders.  Officer Thomas testified that he used a Reconyx game camera which automatically takes pictures when it registers movement within 45 feet of its location.  He placed the camera at the top of the hill, approximately 10 yards from the point where the illegal road joins with spur road 079.  Officer Thomas drew a diagram of the location, which was admitted into evidence as government's Exhibit 9 without objection from defendant after he inspected the diagram.

Officer Thomas testified that on February 25, 2010, he returned and retrieved the data disc from the surveillance camera.  He retrieved several images date off of the disc stamped February 19, 2010, showing a vehicle driving up the illegal road.  Officer Thomas positively identified government's Exhibits 1 through 7 as fair and accurate copies of those images.  The exhibits were received into evidence without objection by defendant.  Officer Thomas identified Exhibits 3, 4, 5, and 6 as pictures of a black Toyota sport utility vehicle headed up through the meadow on the illegal road towards spur road 079, and Exhibits 1 and 2 as pictures of the same vehicle headed down from spur road 079 on the illegal road towards NF-4611.  Spur road 079 is visible in Exhibits 1, 5, and 6.  Officer Thomas used the vehicle's license plate, which is clearly visible from the front in Exhibit 1 and from the back in Exhibit 5, to locate the vehicle's DMV registration and determined that defendant was the registered owner of the vehicle.  Officer Thomas went to defendant's residence in Williams, Oregon, where he observed the black Toyota from the surveillance pictures sitting in the driveway.  Officer Thomas left his card and received a call from defendant, and they arranged to meet on April 20, 2010.

Officer Tomas testified that he was able to enhance side profiles of the driver in several of government's Exhibits 1 through 6, and upon meeting defendant on April 20, 2010, recognized

Order - 3

defendant as the driver of the vehicle. He informed defendant of the purpose of his visit, and in the conversation that followed defendant admitted he knew the location of the locked gate and surrounding area generally, that he was in the area on the date in question, that he goes around locked gates "all the time," and apologized for his behavior. Officer Thomas then issued citation F3964538 to defendant for the violation.

Defendant testified that the vehicle in government's Exhibits 1 through 7 is his vehicle. Defendant further testified that on the day in question he was taking his girlfriend out for a picnic, that he drove along NF-4611, turned off on spur road 079, approached the locked gate and drove up to the edge, but decided against proceeding and turned around. Being unfamiliar with the area, he then continued down NF-4611 for approximately half a mile and came to what he believed to be an off road vehicle path, the kind of road not intended for use by cars, but which he decided to explore. Defendant testified that he drove up the path and came to a road, but was not aware that the road was a closed road because there was no sign and he could not see any gate. He turned onto the road and continued exploring, leaving several hours later along the same path that he came in on.

Defendant acknowledged meeting with Officer Thomas and receiving the citation, but denies that he told Officer Thomas that he drives around locked gates "all the time." Specifically, defendant testified he has only gone around a locked gate once, but has not done so since because he became aware of the consequences of that action. At the time of his meeting with Officer Thomas, he simply wanted to avoid a prolonged confrontation and began to answer affirmatively in order to avoid an argument. He further testified that had he been aware that he was in a restricted or closed area, or had he seen a posted order stating the area was closed, he

Order - 4

would not have entered the area.

On these facts, the court finds that defendant drove a motorized vehicle on spur road 079 on February 19, 2010.  Defendant admitted that he saw the locked gate; moreover, he drove up to it and recognized he should not proceed past it.  He turned back down the road, found a path close by which by his own admission he recognized as not being for cars, and drove up that path to find a road.  Exhibits 1 through 7 show defendant driving on the "illegal road" towards spur road 079.  Defendant testified that he turned onto the road and proceeded to drive down it.  The evidence shows that this road was spur road 079.  However, to have violated 36 C.F.R. § 261.54(e), this court must find that spur road 079 was closed by an order which satisfies the content and posting requirements of 36 C.F.R. §§ 261.50, 261.51.

## II.  U.S. FOREST SERVICE ORDER NO. RSF-083

Officer Thomas positively identified the government's Exhibit 8 as a copy of U.S. Forest Service Order No. RSF-083.  Exhibit 8 was received into evidence without objection from defendant.  Issued June 1, 2006 and effective until December 31, 2011, RSF-083 provides, in relevant part, that "[b]eing on any road with a motorized vehicle, where entry is restricted by a closed or locked gate, barricade, or road closed sign" is prohibited.  It is signed by Scott D. Conroy, Forest Supervisor for the Rogue River-Siskiyou National Forest.  Exhibit 8 was received into evidence without objection from defendant.  Officer Thomas testified that RSF-083 is posted and available to the public at any ranger station within the Rogue River-Siskiyou National Forest as well as at the Forest Supervisor's office at 3040 Biddle Road in Medford, Oregon.

36 C.F.R. § 261.50 provides, in relevant part, that "a Forest Supervisor may issue orders which close or restrict the use of any National Forest System road or trail within the area over

Order - 5

which he has jurisdiction." 36 C.F.R. § 261.50(b). Any such order must describe the road or

trail to which it applies, specify the time during which the prohibition applies, state each

prohibition which applies, and must be posted in accordance with § 261.51. 36 C.F.R. §

261.50(c)(2)-(5).

Whether RSF-083 satisfies the content requirements of 36 C.F.R. § 260.50 is debatable.

While the order describes the prohibition which applies (being on the road with a motorized

vehicle), it arguably does not sufficiently identify and describe the affected roads. RSF-083

functions as a blanket or umbrella order, describing the affected roads by accessibility status

(gated, barricaded, or subject to posted "road closed" sign) rather than by name, and specifying

the time during which the prohibition is effective in the same manner (any time a road is gated,

barricaded, or subject to a posted "road closed" sign between June 1, 2006 and December 31,

2011). Such an order is arguably essential to effective management of 1.8 million acres of forest,

and imposes a minimal burden on the public by requiring that persons need only know and

recognize signs commonly understood to bar entry. However, the court need not determine

whether RSF-083 satisfies the content requirements of 36 C.F.R. § 261.50, because even if it

does, it does not satisfy the posting requirements of 36 C.F.R. § 261.51.

## III.  POSTING REQUIREMENTS UNDER 36 C.F.R. § 261.51

At trial, the government presented evidence that RSF-083 is posted at the Forest

Supervisor's office. However, the government did not present any evidence showing how RSF-

083 is displayed so as to bring it to the attention of the public; nor did the government present

any evidence that the seasonal closure of spur road 079 was disclosed or published to the public.

In response to the court's query as to how 36 C.F.R. § 261.51(b) was satisfied, the government

Order - 6

argued that the Forest Service cannot be required to post the order itself "on every gate and tree" and that the lock on the gate gave sufficient notice to the public that spur road 079 was closed.

Under 36 C.F.R. § 261.51, posting is accomplished by:

"(a) Placing a copy of the order imposing each prohibition in the offices of the Forest Supervisor and District Ranger, or equivalent officer who have jurisdiction over the lands affected by the order, ***and***

(b) Displaying each prohibition imposed by an order in such locations and manner as to reasonably bring the prohibition to the attention of the public."

36 C.F.R. § 261.51 (*emphasis added*)

When interpreting a statute, the court looks first to its text. Ileto v. Glock, Inc., 565 F.3d 1126, 1133 (9th Cir. 2009) (*citing* Robinson v. Shell Oil Co., 519 U.S. 337, 340 (1997)). "[W]hen the statute's language is plain, the sole function of the courts - at least where the disposition required by the text is not absurd - is to enforce it according to its terms." Lamie v. U.S. Trustee, 540 U.S. 526, 534 (2004) (internal citations and quotation marks omitted).

Cases addressing the sufficiency of posting under 36 C.F.R. § 261.51 are virtually non-existent, and none have been found within the Ninth Circuit. The cases which the court did find involve orders posted at the entryway to various parks, and are thus distinguishable from the facts here. *See* Beall, v. McGaha, No. 96-2095, 1997 WL 234786, * 4 (10th Cir. May 7, 1997) (order posted at Ranger District Office, Forest Supervisor's Office, and a Forest Service bulletin board on a Forest Service road at the entrance to hot springs, which the undisputed evidence proved was the primary method of accessing the hot springs, was sufficient to provide notice to defendants entering park on horseback from private land); U.S. v. Glisson, No. 96-2328, 1996 WL 742329, * 2 (7th Cir., Dec. 23, 1996) (no requirement that Forest Service post the order

Order - 7

around the entire perimeter; 36 C.F.R. § 261.51 satisfied where the order closing part of a
national forest and a map of the affected area were attached to two posts at the location where
defendant entered the closed area).  Therefore, the court looks to the language of the statutory
text.  The posting requirement is written as a conjunctive test.  To prevail, the government must
show that the order is posted *both* in the office of the Forest Supervisor, District Ranger, or
equivalent officer, *and* in a location and manner reasonably calculated to bring the order to the
attention of the public.  The government has failed to bear its burden on the second element.

The court has no wish to micro-manage the U.S. Forest Service.  However, the plain
meaning of the statute requires that the Forest Service in some way bring the order to the
attention of the public.  The court declines to find that placing a lock on a gate is the equivalent
of posting a written order informing the public that a road is closed for the purpose of controlling
the spread of a fungal pathogen.[1]  The court suggests that in circumstances like these, involving
the regular seasonal closure of a specific road for a specific purpose, where access is controlled
by the use of two gates, one at either end of the closed road, it would not be unduly burdensome
to place a bulletin board at or near these gates to allow for the posting of the seasonal closure
orders, or by placing a sign on the gate itself.

## CONCLUSION

Because the government failed to show that the order closing spur road 079 was posted in
accordance with the requirements of 36 C.F.R. § 261.51, the court finds defendant not guilty of
violating 36 C.F.R. § 261.54(e).

--------

[1]*See* Greenpeace USA, *The Last Stands of Port Orford Cedar*, Apr. 29, 2005,
http://www.greenpeace.org/usa/en/news-and-blogs/news/the-klamath-siskiyou-region-of/the-last-
stands-of-port-orford/ (last visited October 29, 2010)

Order - 8

This Order shall constitute judgment in this case.

IT IS SO ORDERED.

## APPEAL INFORMATION

Should plaintiff choose to file an appeal of this decision, the appeal must be filed within fourteen (14) days from the date of judgment.  The appeal must be filed at:

James A. Redden United States Courthouse

310 West 6th Street

Medford, OR  97501

1-541-608-8777

DATED this _____ day of November, 2010.

_____
MARK D. CLARKE
UNITED STATES MAGISTRATE JUDGE

Order - 9